UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

07 APR 26 PM 1:02

| | |
|---|---|
| STACY McCOY | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. ) |
| MICHELLE JONES SINGER, M.D. LLC | ) ) 1:07 -cv- 0529 -LJM -TAB |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, STACY McCOY("Plaintiff" or "Ms. McCoy"), by counsel, hereby files this Complaint against MICHELLE JONES SINGER, M.D. LLC, ("Defendant" or "MJS") for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA") and for injunctive relief, damages, attorney's fees and costs pursuant 29 U.S.C. § 794, Section 504 (hereinafter"Section 504 of the Rehabilitation Act") and alleges:

### JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181 et seq. and for declaratory and injunctive relief pursuant to Section 504 of the Rehabilitation Act, as well as compensatory and punitive damages pursuant to Section 504 of the Rehabilitation Act. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and Local Rules of the United States District Court for Southern District of Indiana.

3.  Plaintiff is a resident of Hamilton County, Indiana and is a qualified individual

with a disability under the ADA as she is, among other qualifying things, profoundly deaf and communicates in American Sign Language.

4. Defendant, MJS, is an Indiana corporation that is conducting business in the State of Indiana. Upon information and belief, MJS owns and operates a medical care facility located at 11585 Allisonville Road, Fishers, Indiana, which is the subject of this action.

5. All events giving rise to this lawsuit occurred in the Southern District of Indiana, thus venue is proper.

6. There is a real and immediate threat of future harm, and there is a likelihood that Ms. McCoy will be going back to MJS, and it is also likely that Ms. McCoy will suffer blatant discrimination at the hands of MJS; in support thereof Ms McCoy alleges the following to establish standing:

   a. Ms. McCoy is female and requires treatment by an OB/GYN;

   b. Ms. McCoy lives in close proximity to MJS's medical offices;

   c. Ms. McCoy scheduled an appointment with MJS and identified that she was deaf and required a qualified sign language interpreter. MJS refused this request and informed Ms. McCoy that MJS does not provide sign language interpreters for its patients.

   d. MJS refused, and continues to refuse, to provide a qualified sign language interpreter for Ms. McCoy, despite her repeated requests;

   e. Ms. McCoy still desires to be treated by MJS as it enjoys an excellent reputation in the community for gynecological care.

## FACTS

7. On or about the morning of October 18, 2006, Ms. McCoy contacted MJS via telecommunications relay service at its 317-578-0421 telephone number and spoke with a MJS representative. Ms. McCoy informed this individual that she had an urgent medical matter and requested to make an appointment later that day. Ms. McCoy stated that she was deaf and requested that a qualified sign language interpreter be provided for her appointment. Ms. McCoy was told that MJS did not provide interpreters for its patients.

8. Ms. McCoy made arrangements herself to have a qualified sign language interpreter accompany her to her scheduled appointment. Dr. Singer examined Ms. McCoy, but refused to accept an invoice from the interpreter for the interpreting services. Dr. Singer and Ms. McCoy discussed scheduling a follow-up visit, but Dr. Singer reiterated that her medical practice did not provide interpreters for its patients.

9. Ms. McCoy still desires to be treated by MJS for future gynecological care, but desires that MJS first promulgate, implement, and enforce a policy to ensure effective communication is provided with patients.

10. MJS has refused to provide a qualified sign language interpreter and has denied future medical treatment to Ms. McCoy that is equal to that provided to patients who are not deaf.

11. MJS's actions have caused Ms. McCoy to experience shame, anxiety, emotional distress, fear and discrimination.

12. MJS willfully, knowingly and intentionally discriminated against Ms. McCoy in violation of Title III of the ADA and Section 504 of the Rehabilitation Act and caused Ms. McCoy to suffer and continue to suffer mental and physical pain and anguish.

## COUNT I

## DEFENDANT VIOLATED TITLE III OF THE ADA

13. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through twelve.

14. Plaintiff is an individual with a disability under Title III of the ADA and met the essential eligibility requirements for Defendant's services at all times material hereto.

15. MJS is a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

16. Defendant violated Title III of the ADA when it:

   a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

   b. Failed to ensure that communications with Plaintiff were as effective as communications with hearing patients;

   c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiff; and

   d. Excluded Plaintiff from future services and denied Plaintiff the benefit of these services due to her disability.

17. Plaintiff has been and will continue to be denied access to, and the benefit of, services available at MJS because Ms. McCoy has a definite need and intention to return to MJS in the future.

18. Ms. McCoy has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations

set forth in this Complaint. Ms. McCoy has a reasonable fear she will continue to be discriminated against in violation of the ADA unless she is afforded injunctive relief by the Court.

19. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

20. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief.

## COUNT II

## DEFENDANT VIOLATED SECTION 504 OF THE REHABILITATION ACT

21. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through twenty.

22. Plaintiff is deaf and her disability substantially limits major life activities, including her ability to effectively communicate with others who do not know American Sign Language. Therefore, Plaintiff is considered to be an individual with a disability under Section 504 of the Rehabilitation Act. Plaintiff is otherwise qualified under Section 504 of the Rehabilitation Act because she meets the essential eligibility requirements for Defendant's services at all times material hereto. Further, upon information and belief, Defendant is a recipient of federal financial assistance.

23. Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated Plaintiff's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

24. Defendant also denied Plaintiff services that it made available to non-disabled patients.

25. Defendant violated Plaintiff's rights through its repeated refusal to reasonably accommodate Plaintiff with auxiliary aids and services and its refusal to modify policies and procedures to prevent discrimination.

26. Plaintiff has suffered severe emotional distress and damages, and continues to suffer distress and damages, due to Defendant's violations of Section 504 of the Rehabilitation Act.

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

    a. To cease discrimination against Plaintiff and other deaf and hard of hearing patients;

    b. To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c. To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

    d. To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure effective communication with deaf and hard of hearing persons.

    e. Award compensatory and punitive damages under Section 504 of the

Rehabilitation Act.

      f.    Award reasonable costs and attorney's fees; and

      g.    Award any and all other relief that may be necessary and appropriate.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (19353-49)
Edward A. Kersten (20511-49)
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, Indiana 46204
Telephone:  (317) 955-9500
Facsimile:  (317) 955-2570

Attorneys for Plaintiff